IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY NETTLES, individually and on behalf of similarly situated persons, | ) ) ) | Case No. 18-cv-7766 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BLATT, HASENMILLER, LEIBSKER & MOORE LLC, MIDLAND FUNDING LLC, and MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Ashley Nettles, individually and on behalf of a class of similarly situated persons, brings this action against Defendants Blatt, Hasenmiller, Leibsker & Moore LLC ("BHLM"), Midland Funding LLC ("Midland Funding"), and Midland Credit Management, Inc., ("MCM"), under the Fair Debt Collection Practices Act and state law.

2. The purpose of the FDCPA is, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. Congress designed the FDCPA to be enforced primarily through private parties, such as plaintiffs acting as "private attorneys general." *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (*citation omitted*); *Crabill v. Trans Union, LLC,* 239 F.3d 662, 66 (7th Cir. 2001).

4. As such, Plaintiff seeks to enforce the policies and rights available to her under the FDCPA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. Venue and personal jurisdiction over Defendants in this District is proper because:

    a. BHLM is a law firm organized under the laws of Illinois, with its principal place of business was located in Chicago, Illinois, at all times relevant to its conduct alleged in this Complaint. Its registered agent is Bernadette M. Baron, 55 E. Monroe St., Ste. 3800, Chicago, IL 60603;

    b. MCM maintains an office at 1821 Walden Office SQ., Ste. 400, Schaumberg, IL 60173. Its registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, IL 62703;

    c. Midland Funding has no employees and thus all of its conduct is conducted by MCM or at the direction of MCM. Its registered agent in Illinois is Midland Credit Management, Inc., 1821 Walden Office SQ., Ste. 400, Schaumberg, IL 60173; and

    d. BHLM acted at the direction of MCM and as the agent of Midland Funding.

## PARTIES

7. Plaintiff is an individual who resides in the State of Michigan.

8. Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692(a)(3) as, "any natural person . . . allegedly obligated to pay any debt".

9. BHLM is a law firm organized under the laws of Illinois, with its principal place of business was located in Chicago, Illinois, at all times relevant to its conduct alleged in this Complaint.

2

10. At all times relevant to this Complaint, BHLM was engaged in the primary business of the collection of alleged delinquent accounts for third parties, including Midland Funding.

11. Midland Funding is engaged in the business of taking title to charged-off consumer debts, including credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios. (Encore's SEC filing on form 10-Q, Aug. 8, 2008).

12. Midland Funding has no employees and all collection actions done on behalf of Midland Funding are done through MCM.

13. Midland Funding is not a passive debt buyer, its acquires debts for the purpose of having MCM either directly collect the debt, or at the direction of MCM to refer the debt to an attorney to file suit against the consumer in the name of Midland Funding.

14. Midland Funding is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

15. MCM is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

16. "Midland [Funding, LLC], M[idland] C[redit] M[anagement] . . . are wholly-owned subsidiaries of Encore Capital and share common officers and directors with Encore Capital. Midland and MCM operate in concert with one another, and under the direct supervision and control of Encore Capital, to purchase and collect Consumer Debt on a massive scale." *In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., et al.*, 2015-CFPB-0022, Doc. 1, Consent Order, p. 5 (CFPB Sept. 9, 2015) *available at*

3

http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf (last visited Nov. 20, 2018).

17. Midland Funding and MCM are liable for the acts and omissions of BHLM. *See Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 325-26 (7th Cir. 2018); *see also Haddad v. Midland Funding, LLC,* 225 F. Supp. 3d 735, 746-47 (N.D. Ill. 2017); *see also Skinner v. LVNV Funding, LLC,* 2018 U.S. Dist. LEXIS 2812 * 7-9, 2018 WL 319320 (N.D. Ill. Jan. 8, 2018).

**FACTS**

18. On or around March 2017, BHLM, on behalf and in the name of Midland Funding, filed suit against Plaintiff in the 17th District Court, State of Michigan on an account alleged to have originated with Credit One Bank, N.A., and sought $601.97 plus costs.

19. Given that the lawsuit was filed against a person as opposed to a business on what appears to be a credit card account, it is believed that the debt is related to purchases of consumer, household, or personal items.

20. Plaintiff and Midland Funding LLC entered into consent judgment to resolve the state court lawsuit filed against Plaintiff.

21. The total amount of the Judgment was $689.37.

22. The Judgment did not include any statutory interest.

23. The Judgment did not provide for the addition of any additional interest.

24. Under the consent judgment, "Defendant shall pay $50 per month beginning 08/01/2017."

25. Plaintiff made arrangements with BHLM to automatically withdraw from her bank account $50 per month in compliance with the terms of the consent judgment.

26. On August 3, 2017, BHLM caused $50 to be electronically withdrawn from Plaintiff's bank account.

4

27. On September 5, 2017, BHLM caused $50 to be electronically withdrawn from Plaintiff's bank account.

28. On October 3, 2017, BHLM caused $50 to be electronically withdrawn from Plaintiff's bank account.

29. After the automatic withdraw on October 3, 2017, Plaintiff only owed $539.37 on the debt.

30. BHLM, on its own, stopped causing to be electronically withdrawn $50 per month form Plaintiff's bank account.

31. Plaintiff investigated why BHLM stopped accepting her payments and discovered that BHLM had closed.

32. It is rumored that BHLM was under a law enforcement investigation prior to it closing its business and as such discovery will need to be taken on this rumor to determine if true and if relevant to this case.

33. On December 15, 2017, Plaintiff obtained her Experian Credit Report which indicated as to the subject debt, in part:

> Status
> Collection account.
> $452 past due as of
> Dec 2017.

34. On December 15, 2017, Plaintiff disputed the debt with the Credit Reporting Agencies.

35. It is believed that the Credit Reporting Agencies sent a copy of Plaintiff's dispute to Midland Funding.

36. It is believed that a copy of Plaintiff's dispute to the Credit Reporting Agencies would have been received by MCM.

5

37. In a letter dated June 6, 2018, MCM represented to Plaintiff that their existed a "Current Balance:     $643.59"

38. On June 6, 2018, Plaintiff owed $539.37 on the debt.

39. The "Legal Collections Account Number" listed in the letter dated June 6, 2018, to Plaintiff from MCM, was "17-321241".

40. The "Midland Account Number" listed in the letter dated June 6, 2018, to Plaintiff from MCM, was "8571643104".

41. On November 20, 2018, Plaintiff obtained her Experian and TransUnion Credit Reports.

42. Plaintiff's Experian credit report lists the subject debt under the heading "5.1 MIDLAND FUNDING LLC (CLOSED)" and states in part, "Amount Past Due     $452".

43. Plaintiff's TransUnion Credit Report under "Adverse Accounts" lists the subject debt under "Midland Funding LLC" and in part states, "Balance:     $452".

## COUNT I – FDCPA - CLASS CLAIM

44. Plaintiff incorporates paragraphs 1-43 herein.

45. The June 6, 2018, letter from MCM, sent on behalf of Midland Funding, to Plaintiff, seeks $104.22 (one hundred four dollars and twenty-two cents) more than what Plaintiff owed on June 6, 2018.

46. Either BHLM converted the $104.22, failed to transmit the $104.22 to MCM, Midland Funding, or BHLM failed to credit the $104.22 to Plaintiff's account.

47. Given Plaintiff's credit reports it is believed that Midland Funding knew or should of known on June 8, 2016, that the amount Plaintiff owed on the subject debt was not $643.59.

48. Given Plaintiff's credit reports it is believed that MCM knew or should of known on June 8, 2016, that the amount Plaintiff owed on the subject debt was not $643.59.

6

49. June 8, 2016, is the first time Plaintiff knew or had reason to know that all the money she paid to BHLM regarding the subject debt, was not being credited.

50. 15 U.S.C. § 1692f, in part, provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

51. 15 U.S.C. § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --
>
> (A) . . . amount, . . . of any debt. . . .
>
> * * *
>
> (10) The use of any . . . deceptive means to collect or attempt to collect any

debt[.]

52. The June 6, 2018, letter from MCM, on behalf of LVNV, to Plaintiff violates 15 U.S.C. §§ 1692e(2)(A), (10), f, f(1).

53. BHML conduct violates 15 U.S.C. §§ 1692e, e(10), f.

## CLASS ALLEGATIONS

54. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

7

55. Pursuant to Rule 23 class definitions may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter. Fed. R. Civ. P. 23(c)(1)(C).

56. Plaintiff brings this class action on behalf of: All persons, wherein Blatt, Hasenmiller, Leibsker & Moore LLC, obtained a judgment or arranged a payment plan with the person on a debt alleged to be owned by Midland Funding LLC, where monies were collected by Blatt, Hasenmiller, Leibsker & Moore LLC, and to whom Midland Credit Management, Inc., sent a letter to within one year of the filing of this Complaint which stated a larger current balance than the person owed as of the date of the letter.

57. There are questions of law and fact common to each class that predominate over any questions affecting only individual class members.

58. The predominate questions are whether BHLM converted monies paid to it or whether those payments to BHLM were not properly credited to accounts alleged to be owned by Midland Funding.

59. Plaintiff will fairly and adequately protect the interests of a class.

60. Plaintiff has retained Curtis C. Warner, who is counsel experienced in handling class actions and claims involving unlawful business practices.

61. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in her and the class' favor and against Defendants for:

    A.    Actual and statutory damages available under the FDCPA; and

    B.    Attorney's fees and costs available under the FDCPA.

        Respectfully submitted,
        /s/ Curtis C. Warner

8

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847)-701-5290 (TEL)
cwaner@warnerlawllc.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,
/s/ Curtis C. Warner


Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847)-701-5290 (TEL)
cwaner@warnerlawllc.com